IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARLENE WILLIAMS, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | C.A. NO.: 3:20-cv-3750 |
| | § | |
| FLUOR CORPORATION, AND FLUOR | § | |
| FEDERAL GLOBAL PROJECTS, INC. | § | |
| | § | |
| *Defendants.* | | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Fluor Federal Global Projects, Inc. ("FFGP" or "Defendant"),[1] files this Notice of Removal of the civil action filed against it by Darlene Williams, the Plaintiff, to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, *et seq*., on the basis of the following facts, which demonstrate the existence of diversity jurisdiction in this Court.

### I.   INTRODUCTION

1.      On December 7, 2020, Plaintiff Darlene Williams ("Plaintiff") filed her Original Petition in the County Court at Law No. 5 of Dallas County, Texas, styled *Darlene Williams v. Fluor Corporation*, Cause No. CC-20-05289-E (*see* Index to State Court File ("Index"), Exhibit B).

2.      On December 16, 2020, Plaintiff served a copy of her Original Petition on FFGP

---

[1] The Original Petition also names "Fluor Corporation" as a party defendant. Fluor Corporation is a sham defendant, as discussed below, and need not join the removal. *See Chambers v. HSBC Bank USA, N.A.* 796 F.3d 560, 564 (6th Cir. 205) ("the consent of a defendant that has been fraudulently joined is not necessary."). FFGP denies that Fluor Corporation is a proper party with respect to any claims asserted by Plaintiff in the Original Petition. However, to the extent the Court determines that it is procedurally required, Fluor Corporation has consented to the removal, subject to and without conceding that it is properly joined in this action.

(*see* Index, Exhibit F). On December 29, 2020, FFGP filed its Original Answer and Special Exceptions to Plaintiff's Original Petition (*see* Index, Exhibit H). Accordingly, Removal is timely under 28 U.S.C. § 1446(b).

## II.  GROUNDS FOR REMOVAL

**A.**   **Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332.**

3.       This Court has original jurisdiction over this action under 28 U.S.C. § 1332 based on diversity of citizenship pursuant to Section 1332(a), and this action may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441(b) and §1446(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

4.       **Diversity of Citizenship:**   There is complete diversity of citizenship between the parties in this action as required by 28 U.S.C. § 1332:

> A.       *Plaintiff*: Plaintiff Darlene Williams was, at the commencement of this action, and is presently, a citizen and resident of the State of Georgia (*see* Index, Ex. B, Original Petition, ¶ 2).
>
> B.       *Defendant*: FFGP was, at the commencement of this action, and is presently, a citizen of the States of Delaware and South Carolina, being a corporation organized and existing under the laws of the State of Delaware, and having its principal place of business in the State of South Carolina.

5.       Defendant Fluor Corporation is erroneously named in the Complaint as Plaintiff's employer and may be disregarded for purposes of diversity as a "sham" defendant. *See Farias v. Bexar County Bd. of Trustees for Mental Health Retardation Svcs.*, 925 F.2d 866, 871 (5th Cir. 1991) (sham defendants may be disregarded when determining diversity jurisdiction).

6.       Where a defendant has been "fraudulently" joined, that defendant's presence is

ignored for the purpose of determining diversity. *Farias v. Bexar County Bd. of Trustees for Mental Health Retardation Svcs.*, 925 F.2d 866, 871 (5th Cir. 1991). In determining whether a defendant is "fraudulently" joined, courts may properly consider the allegations of the complaint and the facts presented by the defendant in its notice of removal. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.,* 818 F.3d 193, 207 (5th Cir. 2016). The test for improper joinder is whether the defendant has demonstrated there is no possibility of recovery by the plaintiff against the in-state defendant, "which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004). In this regard, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined. *Id.*

7.      Plaintiff's Original Petition asserts claims solely under the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code §21.051. To establish a TCHRA claim against defendant Fluor Corporation, Plaintiff is required to establish that: (1) an employer-employee relationship exists between Fluor Corporation and the Plaintiff; or (2) in the absence of an employment relationship, Fluor Corporation controlled access to the Plaintiff's employment opportunities with a third party. *Johnson v. Scott Fetzer Co.*, 124 S.W.3d 257, 263-64 (Tex. App.—Fort Worth 2003, pet. denied). Plaintiff's Original Petition establishes neither of these requirements.

8.     To determine whether an employer-employee relationship exists, Texas courts apply a "hybrid economic realities/common law control test." *Id*. at 263. The economic realities component of this inquiry "focuses on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment." *Id*. The control component focuses on "whether the alleged employer had the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule." *Id*. The right of control is the most significant factor in determining whether an entity was Plaintiff's employer. *Deal v. State Farm County Mut. Ins. Co.*, 5 F.3d 117, 119 (5th Cir. 1993).

9.     In the absence of an employment relationship, an entity may nevertheless be held to be a proper party defendant under the TCHRA if there is evidence that the defendant controlled access to the plaintiff's employment opportunities with respect to his/her actual employer and denied or interfered with that access based on unlawful criteria. *See NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 144-45 (Tex. 1999).

10.     FFGP was Plaintiff's sole employer during all relevant time periods referenced in the Original Petition (*see* Declaration of Holly Snow ("Snow Decl."), at ¶¶ 6-7).  Fluor Corporation never employed Plaintiff, had no control over the day-to-day activities, discipline, accommodation, termination, or supervision of FFGP employees such as Plaintiff, and did not direct or control access to employment opportunities at FFGP (Snow Decl., ¶8).

11.     Because Fluor Corporation did not employ Plaintiff, the causes of action in Plaintiff's Original Petition, all of which are based on an alleged employment relationship with Plaintiff, cannot be established against Fluor Corporation because it is legally impossible for Fluor Corporation to have any role in the acts or omissions alleged in this lawsuit. Therefore, there is no basis for judgment or recovery against Fluor Corporation. Accordingly, Fluor

Corporation must be ignored as it is fraudulently joined. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816-7 (5th Cir. 1993) (named defendant found to be a sham defendant for diversity purposes where the named defendant was not actually a corporation and thus its role in the alleged wrongs was "legally impossible.").

12.    **Amount in Controversy:** The amount in controversy in Plaintiff's action is in excess of $75,000.00, exclusive of interest and cost. Although Plaintiff does not demand a specific sum in her Original Petition, she alleges that she "seeks monetary relief over $1,000,000.00." (Index, Ex. B, Original Petition, ¶ 7). Plaintiff's Original Petition alleges complaints of disability discrimination, age discrimination, race/color discrimination, national origin discrimination, and retaliation brought under the TCHRA, Chapter 21.001 *et seq.* of the Texas Labor Code (*see* Index, Ex. B, Original Petition, ¶¶ 31–58). Because Plaintiff seeks monetary relief exceeding $1,000,000.00, and seeks damages for economic and compensatory damages, punitive damages, and attorney's fees, all arising from the alleged discrimination and retaliation, the amount in controversy clearly exceeds $75,000.00, exclusive of interest and costs (*see* Ex. B, Original Petition, ¶¶ 59-61). *See, e.g.*, Texas Labor Code §§ 21.258 (describing equitable relief available and limiting back pay to two years before the date a complaint is filed with commission), 21.2585(d) (setting the maximum liability for compensatory and punitive damages), and 21.259 (providing for award of reasonable attorney's fees to prevailing party).

### III. REMOVAL IS PROPER

13.    Removal is proper because the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00. Thus, this action may be removed to the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1441.

## IV.  REMOVAL IS TIMELY

14.      **Service of Process:** Defendant was served with Plaintiff's Original Petition on December 16, 2020 (*see* Index, Ex. F, Return of Service for FFGP).

15.      **Removal is Timely:** This Notice of Removal is filed within thirty (30) days of the date Defendant was served with notice of Plaintiff's lawsuit. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

## V.  THE PROCEDURAL REQUIREMENTS

16.      This action is properly removed to the United States District Court for the Northern District of Texas, Dallas Division, as the State Court Action is pending within this district and division. *See* 28 U.S.C. §§ 124(a)(1) and 1441(a).

17.      Under 28 U.S.C. § 1446(a) and the Northern District of Texas Local Rule LR 81.1, this Notice of Removal is accompanied by an Index to State Court File with the following documents, processes, pleadings, orders, and certificates attached thereto:

A.      The State Court Docket Sheet;

B.      Plaintiff's Original Petition, dated Dec. 7, 2020;

C.      Citation Issued for Fluor Federal Global Projects, Inc., dated Dec. 8, 2020;

D.      Citation Issued for Fluor Corporation, dated Dec. 8, 2020;

E.      State Court's Notice of Initial Dismissal Hearing, dated Dec. 8, 2020;

F.      Return of Service for Fluor Federal Global Projects, Inc., dated Dec. 21, 2020 (served Dec. 16, 2020);

G.      Return of Service for Fluor Corporation, dated Dec. 21, 2020 (served Dec. 16, 2020); and

H.      Defendant Fluor Federal Global Projects, Inc.'s Original Answer and Special Exceptions to Plaintiff's Original Petition, dated Dec. 29, 2020.

18.      Pursuant to 28 U.S.C. § 1446(d), Defendant is also promptly filing a written

Notice of Filing Notice of Removal and a true and complete copy of this Notice of Removal with the Clerk of the County Court at Law No. 5, Dallas County, Texas, and Defendant is serving Plaintiff with copies of the same.

## VI. PRAYER

WHEREFORE, Defendant prays that this Notice of Removal be deemed good and sufficient, and that Plaintiff's Original Petition be removed from the County Court at Law No. 5 of Dallas County, Texas, to the Northern District of Texas, Dallas Division. Defendant further prays that this Court accept jurisdiction of this action and that it be placed on this Court's docket for further proceedings as though it had originated in this Court and that the Court issue all necessary orders.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By:      */s/ Dennis P. Duffy*
    Dennis P. Duffy
    Texas Bar No. 06168900
    5051 Westheimer Road, 10th Floor
    Houston, TX  77056
    Phone: (713) 425-7400
    Fax: (713) 425-7700
    dduffy@krcl.com

**ATTORNEY FOR DEFENDANT**
**FLUOR FEDERAL GLOBAL PROJECTS, INC.**

By:      */s/ John R. Sigety*
    John R. Sigety
    Texas Bar No. 24083853
    901 Main Street, Suite 5200
    Dallas, TX 75202
    Phone: (214) 777-4200
    Fax: (214) 777-4299
    jsigety@krcl.com

**LOCAL COUNSEL FOR DEFENDANT**
**FLUOR FEDERAL GLOBAL PROJECTS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on December 30, 2020, via electronic notification and/or certified mail, return receipt requested upon the following counsel of record:

Matthew R. Scott
Scott Law Firm PLLC
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202

*/s/ John R. Sigety*
John R. Sigety